Filed 12/5/25  Nguyen v. United Lender CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ANH THY SONG NGUYEN, as Trustee, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> UNITED LENDER, LLC, <br><br> Defendant and Respondent. | G064610 <br><br> (Super. Ct. No. 30-2020-01124778) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lee L. Gabriel, Judge. Affirmed.

Michael A Younge for Plaintiff and Appellant.

Meylan Davitt Jain Arevian & Kim, Vincent J. Davitt and Anita Jain for Defendant and Respondent.

\*      \*      \*

Plaintiff Anh Thy Song Nguyen, Trustee of Mother Nature Trust, sued defendant United Lender, LLC (United) for fraud and unfair business practices. United made a loan to a company that bought real property from Nguyen, on which Nguyen had taken back a second trust deed. Nguyen appeals from a judgment entered against her after the trial court granted United's motion for summary judgment. We agree with the court that Nguyen failed to establish United made any misrepresentations to her, either directly or through an ostensible agent. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Nguyen owned a residential property in Huntington Beach (the property). Nguyen's mother-in-law operated a sober living facility at the property. Megan Zucaro approached Nguyen about purchasing the property through her company, Helping Others International, LLC (HOI). Nguyen determined the fair market value of the property was $2.5 million and offered to sell it for that amount. HOI countered for a higher sales price with Nguyen providing a seller carryback loan.

HOI applied for a loan in the amount of $1.95 million from United, secured by a first deed of trust on the property. Nguyen agreed to an increased purchase price of $3.15 million, with a seller carryback loan in the amount of $1.2 million, secured by a second deed of trust on the property.

The sale of the property closed in May 2019. HOI defaulted on both the loan from United and the carryback loan from Nguyen. Both Nguyen and United recorded notices of default in September 2019 and then recorded notices of trustee sale in December 2019. Based on a stipulation by the parties, a receiver was appointed. The receiver sold the property in June 2022 to a bona fide purchaser and has held the sales proceeds in its account pending the resolution of this case.

2

Nguyen sued United for intentional misrepresentation and unfair business practices, among other causes of action.[1] United filed a motion for summary judgment and/or summary adjudication on these causes of action. After briefing and a hearing, the trial court granted the motion. Judgment was entered, and Nguyen filed a timely notice of appeal.

DISCUSSION

I.

STANDARD OF REVIEW

Summary judgment is properly granted if "there is no triable issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "A defendant seeking summary judgment must show that the plaintiff cannot establish at least one element of the cause of action." (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; see Code Civ. Proc., § 437c, subd. (p)(2).) If the defendant makes this showing, "the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts

---

[1] Nguyen sued United for intentional misrepresentation (first cause of action), to quiet title (fourth cause of action), for cancellation of written instrument (fifth cause of action), declaratory relief (sixth cause of action), and unfair business practices (seventh cause of action). (The second and third causes of action were asserted only against other defendants.) The fourth, fifth, and sixth causes of action were resolved by demurrer in December 2022; this order is not in the appellate record and Nguyen makes no argument regarding it.

United filed a cross-complaint against Nguyen, and the motion for summary judgment also included the second cause of action for declaratory relief against Nguyen, which the trial court denied. United filed a request for dismissal of the entire cross-complaint in July 2024.

exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).)

"'On review of an order granting or denying summary judgment, we examine the facts presented to the trial court and determine their effect as a matter of law.' [Citation.] We review the entire record, 'considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.' [Citation.] Evidence presented in opposition to summary judgment is liberally construed, with any doubts about the evidence resolved in favor of the party opposing the motion." (*Regents of University of California v. Superior Court, supra*, 4 Cal.5th at p. 618.)

## II.

### INTENTIONAL MISREPRESENTATION

""""The elements of fraud . . . are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."' [Citations.]" (*Rattagan v. Uber Technologies, Inc.* (2024) 17 Cal.5th 1, 32.)

In its motion for summary judgment, United established it never made any direct misrepresentations to Nguyen. United offered admissible evidence through the declaration of Shawn Ahdoot, its president, that it had "no communications whatsoever" with Nguyen or anyone purporting to represent her. United also offered the declaration of Albert Ahdoot, its managing member, that he never spoke with Nguyen.

Nguyen's opposition to the motion for summary judgment did not create a triable issue of material fact as to any *direct communications* with United. Nguyen only attempted to offer evidence that United communicated

4

with her through Zucaro as its alleged agent. In her declaration, Nguyen stated: "All of the *communications to me from Zucaro* regarding the appraisal, terms of the FTD, the Seller Carryback loan, the appraisal were from Shawn and Albert, because Zucaro made these representations of the sources." In response to a request for admission that Nguyen had no communications with United before the sale of the property closed, Nguyen denied it and stated she had "communications with United through its agent, Megan Zucaro."

Therefore, the main issue before the trial court and on appeal is whether Zucaro or HOI were agents of United so that any representations made by Zucaro or HOI could be imputed to United.

"'An agent is one who represents another, called the principal, in dealings with third persons.' (Civ. Code, § 2295.) In California, an agency is 'either actual or ostensible.' (Civ. Code, § 2298.) An agency is actual 'when the agent is really employed by the principal.' (Civ. Code, § 2299.) Actual authority 'is such as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess.' (Civ. Code, § 2316.) [¶] An agency is ostensible 'when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him.' (Civ. Code, § 2300.) 'Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess.' (Civ. Code, § 2317.)" (*Valentine v. Plum Healthcare Group, LLC* (2019) 37 Cal.App.5th 1076, 1086.)

Nguyen denied a request to admit no one had ever told her that United had an agency relationship with Zucaro or HOI because "Agency was implied by the conduct of the parties as stated" in the complaint. Nguyen

5

does not argue that Zucaro or HOI were the actual agents of United; her argument is limited to whether there was an ostensible agency relationship.

"'[O]stensible authority arises as a result of conduct of the principal which causes *the third party* reasonably to believe that the agent possesses the authority to act on the principal's behalf.' [Citations.] 'Ostensible authority may be established by proof that the principal approved prior similar acts of the agent.' [Citation.] "'[W]here the principal knows that the agent holds himself out as clothed with certain authority, and remains silent, such conduct on the part of the principal may give rise to liability. [Citation.]" [Citation.]' [Citations.]" (*Chicago Title Ins. Co. v. AMZ Ins. Services, Inc.* (2010) 188 Cal.App.4th 401, 426–427.)

"'"Before recovery can be had against the principal for the acts of an ostensible agent, three requirements must be met: The person dealing with an agent must do so with a reasonable belief in the agent's authority, such belief must be generated by some act or neglect by the principal sought to be charged and the person relying on the agent's apparent authority must not be negligent in holding that belief. [Citations.] Ostensible agency cannot be established by the representations or conduct of the purported agent; the statements or acts of the principal must be such as to cause the belief the agency exists.' [Citation.]" (*American Way Cellular, Inc. v. Travelers Property Casualty Co. of America* (2013) 216 Cal.App.4th 1040, 1053; see *Pereda v. Atos Jiu Jitsu LLC* (2022) 85 Cal.App.5th 759, 768.)

United offered admissible evidence through the declarations of Shawn and Albert Ahdoot (together, the Ahdoots) that it did not authorize anyone to speak to or convey information to Nguyen on its behalf, and neither Zucaro nor HOI was ever an agent of United or authorized to speak for or act on its behalf. Shawn's declaration made clear that Zucaro and HOI were on

6

one side of the transaction as a borrower, while United was on the other side as a lender.

United also offered the declaration of Zucaro that "I have never been, and have never acted as, an agent, employee or representative of United. I have never attempted to speak for United, or engage in its business dealings on its behalf. I have never even had a conversation with United about authorizing me to do anything on its behalf." Zucaro's declaration further states: "When talking to Plaintiff about purchasing the Property, I was talking **only** for myself as a potential buyer of the Property and potential borrower on the carryback loan. I was not speaking for United, and I was not communicating to Plaintiff anything that United had asked me to communicate with her. In fact, United never asked me to communicate anything to Plaintiff—not on United's behalf and not on my behalf." (Underscoring and boldface in original.)[2]

Through the foregoing, United made its initial showing that neither HOI nor Zucaro was United's ostensible agent, and shifted the burden to Nguyen to establish a triable issue of material fact.

In an attempt to establish a triable issue as to agency, Nguyen submitted the declaration of her counsel regarding the alleged real estate investment scams in which Zucaro or HOI and the Ahdoots were involved. This declaration does not address any misrepresentations by United to Nguyen or any actions by Zucaro, HOI, or United that would cause Nguyen to

---

[2] Shawn, Albert and Zucaro were the only individuals Nguyen identified in her discovery responses as having knowledge of the alleged agency relationship between United and Zucaro or HOI.

7

reasonably believe Zucaro or HOI was acting as United's ostensible agent when communicating with Nguyen.[3]

Nguyen contends the Ahdoots and Zucaro had "a common goal of cheating people out [of] their savings and real estate investments," and that Zucaro or HOI, as United's agent, "would not have been able to complete the above mentioned purchases and real estate scams" without United. Nguyen admits that she gained knowledge of the alleged scam between United, Zucaro, and HOI *after* HOI defaulted on the loan. This later gained information cannot have been the basis for Nguyen's belief in Zucaro or HOI's alleged ostensible agency at the time the alleged misrepresentations were made.

Nguyen identifies eight communications from Zucaro to Nguyen that she contends support her claim of ostensible agency:

1. Zucaro told Nguyen that United would make a first trust deed loan to Zucaro, but Nguyen would have to carry back the second trust deed.

2. Zucaro told Nguyen that Shawn and his mortgage companies had made loans to her to purchase residential real properties in California.[4]

---

[3] Nguyen's separate statement in opposition cites Shawn's deposition for the proposition "Zucaro is under Shawn's supervision." The deposition itself reads as follows: "Q: So, the appraisal that was completed on this [residential] property, was this an appraisal that you ordered? [¶] A: I instructed the appraiser that it'll be paid by a Ms. Zucaro under my supervision. But I went ahead and found the appraiser for this property." Nguyen's summary of Shawn's testimony stretches it far beyond all reason.

[4] In her opening brief on appeal, Nguyen states "Zucaro also communicated to Plaintiff on or about March 15, 2019, that United Lender was licensed to make loans in California for the purchase of residential properties." Nguyen's declaration, cited in the text, does not make this

3. Zucaro told Nguyen that the Ahdoots had ordered an appraisal of the property.

4. Zucaro told Nguyen "Shawn and Albert made the decision to loan $1,900,000 to HOI for the purchase of the Property based on her prior excellent payment history and her trusted personal relationship."

5. Zucaro told Nguyen that United told her it would "fund the First Trust Deed in the amount of $1,900,000 based on the value of the Subject Property and Zucaro's good history of making prior mortgage payments to United Lender, provided that the Seller/Plaintiff recorded a Second Trust Deed to complete the financing of the Subject Property."

6. Zucaro "repeatedly" told Nguyen she had good credit and had never defaulted on any prior loans with United or the Ahdoots "and that because of Zucaro's good payment history, Shawn and Albert agreed on or about April 15, 2019, for Zucaro to be approved for the loan of $1,900,000 for the purchase of the Subject Property, plus 3 points of $57,000, provided seller carried back a second."

7. By recording the first trust deed on the property, United represented it was licensed to make residential loans in California.

8. Zucaro told Nguyen that the Ahdoots told her United's approval of the $1,957,000 loan represented that Zucaro and HOI were a very low credit risk, they were worthy of the loan, and based on prior payment history, qualified for the loan.

Nguyen's declaration does not state these communications were made *by United through Zucaro or HOI*. Nguyen does not provide any explanation as to how these statements, assuming they were made, would

statement.

9

support a finding that Zucaro, HOI, or United represented to Nguyen that Zucaro or HOI was United's agent, or that United by its acts or neglect caused Nguyen to believe Zucaro or HOI was United's agent. Indeed, these statements all appear to be standard communications within the course of a property sale.

Based on admissible evidence, (1) Nguyen could not have had a reasonable belief in Zucaro or HOI's authority as an agent of United, (2) no act or neglect by United created any such belief, and (3) any such belief by Nguyen was negligent. The trial court properly granted the motion for summary judgment as to the cause of action for intentional misrepresentation.

## III.

### UNFAIR BUSINESS PRACTICES

Nguyen also sued United for violation of Business and Professions Code section 17200 (the UCL claim), claiming United had engaged in a "business act or practice" that was "unlawful, unfair or fraudulent." (*Ibid.*) The acts or practices challenged by Nguyen were the same as those forming the basis of the intentional misrepresentation cause of action.

Nguyen conceded in her opposition to the motion for summary judgment that a UCL claim is "not an all-purpose substitute for a tort or contract action" (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173), but is "equitable in nature," provides for limited remedies, and does not allow for recovery of damages (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144).

The trial court concluded that, because the UCL claim was based on the same allegedly fraudulent transactions as the intentional

10

misrepresentation claim, Nguyen had also failed to establish the existence of a triable issue of material fact as to the UCL claim. We agree.

If, as United established, Zucaro and HOI were not its agents, there can be no UCL claim based on United's alleged fraudulent conduct. Further, although Nguyen argues the entire transaction was unfair or unlawful because United was not licensed, United offered admissible evidence that it did not need a license to make the loan on the property, which was an income-producing commercial property. (Fin. Code, §§ 50002, subd. (c), 22012 & 22057.) Nguyen did not offer admissible evidence to create a triable issue of fact as to this issue.

The trial court properly granted summary judgment as to the UCL claim.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.


BANCROFT, J.*

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.

* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11